UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

IURY CHEN
ELLA CHEN
  Plaintiff(s),

v.

COUNTRYWIDE HOME LOAN
AND WELLS FARGO, AS TRUSTEE
  Defendant.
_____x

08 CV. 7 08

JUDGE KARAS

### Complaint Seeking Damages in Core Adversary Proceeding For Violation of RESPA

**Introduction**

1. This is an action for actual and punitive damages filed by the debtors pursuant to Sections 2605(e)(1)(A) and 2605(e)(1)(B)(2) of Title 12 of the United States Code and Sections 3500.21(e)(1) and 3500.21(e)(3) of Regulation X.

**Jurisdiction and Venue**

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the debtors in that case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code.

4. This court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5. This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to Section 2614 of Title 12 of the United States Code.

6. This Court has jurisdiction to enter a final order, judgment and enter injunctive relief.

7. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## Parties

8. Plaintiff is a consumer and borrower pursuant to RESPA and TILA; and owns a home located at 14 Fox Court, Suffern, NY 10901.

9. The Defendant, Wells Fargo, as trustee for COUNTRYWIDE HOME LOAN (hereinafter "CW") is, according to its 10-K filing with the Securities and Exchange Commission, a holding company which, through its subsidiaries (collectively, the "Company"), is engaged in mortgage lending and other real estate finance related businesses, including mortgage banking, banking and mortgage warehouse lending, dealing in securities and insurance underwriting.

10. CW states that it manages it business through five business segments—Mortgage Banking, Banking, Capital Markets, Insurance and Global Operations. CW states that it originates purchases, sells and services non-commercial mortgages. CW also performs certain of the Company's administrative and loan servicing functions through its India operations.

11. CW states that Mortgage banking continues to be its core business, generating 48% of its pre-tax earning in 2006. "Our other segments generated the following percentages of its pre-tax earnings in 2006:Banking – 32%; Capital Markets-13%, Insurance-6%; and Global Operations-1%" CW states that it "remains a real-estate lending centered company and have built upon our mortgage banking operations in recent years to capitalize on meaningful related opportunities with the intent of stabilizing our consolidated earnings profile."

12. CW is organized and exists under the laws of the State of Delaware, with a principal place of business located at 4500 Park Granada, Calabasas, CA 91302 and does business in this District.

## Factual Allegations

13. On 7/30/2004 Plaintiff signed a Note and Mortgage with Argent Mortgage Company, LLC. Originally, Plaintiff requested a fixed rate mortgage. When he arrived at the closing table, he was told it was adjustable and that he had no choice but to sign the papers presented to him.

14. At the closing Plaintiff was charged a total of $5918.51 in excessive fees.

15. Plaintiff was charged an excessive Loan Origination Fee of $1246.88 to RBC Mortgage.

16. Plaintiff was charged an excessive Loan Discount Fee of $3740.63 to Argent Mortgage.

17. Plaintiff was charged an excessive Flood Certification Fee of $16 to Argent Mortgage.

18. Plaintiff was charged an excessive Underwriting Fee of $550 to Argent Mortgage.

19. Plaintiff was charged an excessive Processing Fee of $295 to RBC Mortgage.

20. Plaintiff was charged an excessive Tax Service Fee of $70 to Argent Mortgage.

21. On November 16, 2006 the loan was assigned from Argent Mortgage Company, LLC to Wells Fargo Bank, N.A. The assignment was recorded on July 5, 2007 in the Rockland County Clerk's Office as Instrument # 2007-00034328.

22. Plaintiff made payments pursuant to the terms of the mortgage from July 29, 2004 to December 10, 2007 until the payment was increased as it was an adjustable loan.

23. In the December 19, 2007 statement, the monthly amount due went up $1,483.78 from the previous month. The principal and interest was raised from $4,599.47 to $4,634.72. Escrow payment was raised from $309.37 to $1,757.90.

24. There was no legitimate reason for the large raise in the escrow payment, as taxes did not get substantially raised. Village taxes in 2008 were $158.77 more than village taxes in 2007. Town/County taxes in 2008 were $131.73 more than town/county taxes in 2007. School taxes were already paid on September 27, 2007 and new school taxes haven't come out to date.

25. The Plaintiff believes he is being charged unauthorized late fees, that his payments are being misapplied and that the mortgage amount is not being properly credited for payments of interest, principal and escrow charges.

26. The Plaintiff took these matters up with the Defendant as he believed he was current on the payments. The Plaintiff through counsel tendered a "Qualified Written Request" via DHL to CW, pursuant to the Real Estate Settlement Procedures Act on or about January 17, 2008.

27. The Plaintiff avers that the Defendant received the Qualified Written Request.

28. As of the filing of this pleading the said Defendant has failed to have any form of communication with the debtors' attorney, or with the debtors to respond to or acknowledge the aforesaid Qualified Written Request regarding the subject account.

**Claim for Relief**

29. The allegations in paragraphs 1 through 25 of this complaint are realleged and incorporated herein by this reference.

30. The Defendant is the servicer of a "federally related mortgage loan" as that term is defined in Section 2602(1) of Title 12 of the United States Code.

31. The "qualified written request" was not acknowledged within 20 days of receipt as required by Section 2605(e) (1) (A) of Title 12 of the United States Code and Section 3500.21(e)(1) of Req. X.

32. The Defendant did not, within 60 days of receipt of the "qualified written request," provide the information requested and inform the Plaintiffs of its actions as required by Section 2605(e)(1)(B)(2) Title 12 of the United States Code and Section 3500.21(e)(3) of Reg. X.

33. The Defendant has failed to comply with Section 2605 of Title 12 of the United States Code and failed to credit Plaintiff for payments made on the mortgage.

34. Pursuant to Section 2605(f) of Title 12 of the United States Code and Section 3500.21(f) of Reg. X, the Plaintiffs may recover of the Defendant actual damages, costs and reasonable attorney fees for each failure of the Defendant to comply with any part of Section 2605 of Title 12 of the United States Code.

WHEREFORE, the Plaintiffs having set forth their claims for relief against the Defendant respectfully pray of the Court as follows:

    A. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of statutory damages;

C. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;

D. That the Plaintiffs have and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney;

E. That the underlying debt to CW be forever canceled and discharged and the Defendant be ordered to release all liens on the residence of the debtors and mark "paid in full" on all loan documents with said documents to be delivered to the debtors with all liens duly canceled and released as an additional sanction provided for under Section 362(h) of Title 11 of the United States Code; and

F. That this Court order the Defendant to pay to the Plaintiffs their attorney's fees and costs and additional actual damages a sum to be determined by the Court for each failure to comply with any part of Section 2605 of Title 12 of the United States Code pursuant to Section 2605(f) of Title 12 of the United States Code and Section 3500.21(f) of Reg. X; and

G. That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated: July 28, 2008
Spring Valley, New York

/s/ _____
Shmuel Klein (SK 7212)
Fed Court Only
Law Office of Shmuel Klein, PC
Attorney for Plaintiff
Spring Valley, NY 10977
(845) 425-2510